O’Gorman, J.
On December 3, 1885, the plaintiff in this action recovered a judgment in this court against the defendant for the sum of $2,511.82, and that judgment was" duly filed and docketed on that day.
A receiver of the property of defendant corporation having been duly appointed by the supreme court, a'motion : was made by the plaintiff here in that court for permission to issue execution on his said judgment against the property *582 of the coi’poration, for the purpose, as stated in his affidavit, used on the motion, of enabling the plaintiff to take proceedings for seqestration of the property of the corporation under the authority of section 1784, et seq of the Code of Civil Procedure.
On May 27, 1887, an order was made by the supreme court in and for the county of New Y ork, granting such permission, and execution was thereupon issued and returned unsatisfied.
In June, 1887, the present suit was brought by the plaintiff, in which he prays for sequestration of the corporate property and for the appointment of a receiver with the usual powers and obligations, to take possession of the property and apply the proceeds to the benefit of all the creditors as should be equitable.
On January 3, 1888, an order was made in this action by this court at special term, on motion of the plaintiff herein, for the appointment of a receiver in this action, in which order it was, among other things, provided, “that nothing therein contained would affect the right and power of any receiver theretofore appointed over any property of the defendant corporation to act in the performance and accordance with the powers and duties conferred upon him by the order appointing him pursuant to law.”
From this order the defendant company now appeals for various reasons, prominent among which is, that the appointment of such receiver would create a conflict with the supreme court.
I do not think that there is any just reason for such an apprehension.
The provision in the order above set forth would render such conflict impossible, and there is no evidence that any step has been taken or contemplated by the receiver appointed under that order, inconsistent with that provision.
The appointment of the receiver in this action was within the judicial discretion of the court, on the facts placed before it on the motion, and I see no reason to doubt that that discretion was not in this case exercised properly and for good cause.
The other reasons for reversing this order, urged on behalf of the defendant, seem to me without merit.
In the order, however, appointing the receiver, some clauses occur which seem to be inconsistent with the provision therein, to which I have above referred, and which should be stricken out, amended or altered.
The phrase “ of the said defendant,” in fol. 10 of the papers on appeal, should be changed to read “owned by the, said,defendant,” and after the words “ the Bankers’ and Merchants’ Telegraph Company,” in the same folio,, should *583 be added “ on the 21st day of October, 1887, or to which it was entitled on that day.”
The words following the above phrase in fol. 10, beginning “not incumbered,” etc., down to and including the words “ one thousand dollars each, together with interest thereon,” near the end of fol. 11, should be stricken out.
In fol. 12 at the beginning after the word “ all ” add “ or “ any part of aforesaid property,” and strike out the rest ■of the paragraph down to and including the words “permanent receiver.”
In fol. 12. after the words “ executes and acknowledges,” add “and files,” and in fol. 13 strike out the words “ and upon the filing of which bond,” down to and including the words.“ appointing him pursuant to law ” in fol. 16.
With these alterations the order appealed from is affirmed, without costs.
Sedgwick, Oh. J., concurs.